## Case No. 1,068.

### In re BARTENBACH.

[11 N. B. R. (1875,) 61; 2 Amer. Law T. Rep. (N. S.) 33.]

District Court, E. D. Michigan.

BANKRUPTCY— INTEREST—MORTGAGES —PRIORITIES —COSTS.

[1. Where a note provides for the payment of interest thereon in semi-annual installments, but fails to make any provision for interest on the principal remaining due after maturity of the note, the creditor is entitled to interest after maturity by operation of law, but not by any provision of the contract.]

[2. A state statute allowing interest on unpaid installments of interest has reference to installments due by contract, and hence it does not apply to the interest so accruing by operation of law.]

[3. Where property subject to two mortgages is sold in bankruptcy proceedings, the senior mortgagee is as much entitled to payment of his mortgage in full, together with all proper costs and expenses, as he would be in case of regular foreclosure proceedings.]

[4. But money paid under the order of the bankruptcy court to procure the release of the wife's dower in the mortgaged premises, which could only be barred by sale under the power of sale contained in the mortgage, or by regular foreclosure proceedings, is an extraordinary expenditure, and, being for the benefit of both senior and junior mortgagees, should be apportioned between them.]

[5. Cited in Re Archenbrown, Case No. 505, to the point that the requirement of Act March 2, 1867. § 29, (Rev. St. § 5110, cl. 7,) that a bankrupt shall have kept "proper" books in order to be entitled to a discharge, is fulfilled by books from which a competent accountant could ascertain the bankrupt's condition. The form is unimportant.]

[In bankruptcy. In the matter of George A. Bartenbach.] On the application of the Michigan Health and Relief Society, a secured creditor, to review a computation by the register of the amount due upon its note and mortgage; and of C. J. Riley, the assignee, for the allowance and adjustment of the costs and expenses of the sale of mortgaged premises free of the incumbrances.

C. J. Riley, in pro. per.

Mr. Ward, (Ward & Palmer,) for the society.

LONGYEAR, District Judge. A portion of the assets of the bankrupt, certain city lots in Detroit, were subject to two mortgages—one, which is the senior mortgage, to the Michigan Health and Relief Society, to secure a note of the bankrupt, and one to Workum & Schloss, to secure a bond of the bankrupt—both being for the payment of money. The first named note and mortgage bear interest at the rate of ten per cent. per annum, payable semi-annually. They were given January 30th, 1869, for four thousand dollars, payable three years from date, with interest as above stated. The interest on this note and mortgage was paid, as stipulated, up to and including the time the debt matured, viz., January 30th, 1872; and on the 30th of July following, another six months' interest was paid, but no portion of the debt nor any interest thereon since July 30th, 1872, had been paid at the time of the bankruptcy. The property has been sold by the assignee under an order of this court made on the application of the holder of the bond and junior mortgage and notice to all persons interested, free from both incumbrances. The proceeds were sufficient to pay the first mortgage in full and all costs and expenses of the sale and leave a surplus to apply on the second mortgage, but nothing for the benefit of the general creditors; and the assignee was directed to apply the proceeds accordingly. It was referred to the register, Hovey K. Clark, Esq., to compute the amount due upon the respective mortgages, as a guide to the assignee in applying the proceeds. The register having made the computations, the Michigan Health and Relief Society objected, and complained that the register had not allowed interest on each installment of interest remaining unpaid at the end of every six months, as is claimed to be its right under the following statute of Michigan: "That when any installment of interest upon any note, bond, mortgage, or other written contract shall become due, and the same shall remain unpaid, interest may be computed and collected on any such installment so due and unpaid, from the time at which it became due, at the same rate as specified in any such note, bond, mortgage, or other written contract, not exceeding ten per cent.; and if no rate of interest be specified in such instrument, then at the rate of seven per centum per annum." Act Feb. 19, 1869; 1 Comp. Laws, 1871, p. 541, § 1637.

The costs and expenses of the proceedings to sell and of the sale have been considerable; and in addition to those of an ordinary character the assignee, under an order of court, paid one hundred dollars to obtain a release of the right of dower of the wife of the bankrupt in the mortgaged property. A dispute arose as to the payment of these costs and expenses, the assignee claiming that the same should be retained by him proportionately out of the respective amounts going to each mortgagee, and the Michigan Health and Relief Society, the said senior mortgagee, claiming that the proceeds being sufficient to pay such costs and expenses over and above its debt and interest, it is entitled to payment in full without any deduction on that account. The assignee thereupon reported to the court the said costs and ex-

penses, and asked that the same be audited and allowed, and for an adjustment of the same as between the said mortgagees.

First. Interest. The note and mortgage in question are not set out in the papers, and are not before me; but I take it for granted that they contain no express stipulation for payment of interest on the debt after maturity, in case the debtor should fail to pay the debt by the time specified. The contract being silent as to interest after maturity, "the creditor" (say the United States supreme court) "is entitled to interest after that time by operation of law, and not by any provision of the contract." Brewster v. Wakefield, 22 How. [63 U. S.] 118, 127. This being the law and the debt being past due, the provision of the note and mortgage for payment of interest by installments had ceased. The interest up to maturity of the debt had been paid, and the only interest in question here is such as had accrued after that time by operation of law, and not by any provision of the contract. It was, therefore, not due by installments; but it was due at any and all times, as fast as it accrued. It is clear, therefore, that the above quoted statute of Michigan for computing and collecting interest on unpaid installments of interest. had no application and did not cover this case. In fact, I do not see how, in the absence of an express provision of the "note, bond, mortgage, or other written contract" for payment of interest at specified times after maturity of the debt, the statute can in any case have any application whatever to interest accruing after such maturity. For these reasons I concur with the register in his conclusion, and in his refusal to compute and allow interest on the interest accrued on the note and mortgage in question after the expiration of every six months, or otherwise; and the same is approved.

Second. Costs and expenses of sale. The mortgage in question was a first lien upon the property; and, by the terms of the mortgage, the mortgagee was entitled, in case of foreclosure, to payment in full, including all legal costs, to the full extent of the proceeds. The junior mortgagee was entitled only to the surplus, if any, and that could be ascertained only after payment in full of the prior lien and all legal costs and expenses of its enforcement. Such were the rights of these parties under their respective mortgages. Those rights are sacredly preserved by the bankrupt act, and must be enforced in this court the same as in any other. The proceeds were sufficient to pay the entire debt and interest secured by the note and mortgage of the Michigan Health and Relief Society and remaining unpaid, and all costs and expenses of the proceedings and sale, and leave a surplus to apply on the junior mortgage. That surplus is all the junior mortgagee can claim. The costs and expenses here spoken of, however, include only such as are usual in such cases, and not the one hundred dollars paid

to obtain release of dower. That was an extraordinary expenditure, and stands upon a different footing from the other expenditures. It is true, the wife had joined with her husband in both mortgages; but, notwithstanding that, her right of dower could be barred only by a sale under the power of sale contained in the mortgage, or a decree of a court of competent jurisdiction, where she could be made a party to the foreclosure proceedings, and not by a sale free of the mortgages, as was here proposed to be done. It was therefore necessary, and for the benefit of all concerned, to obtain the release in order to a sale in this court to the best advantage, and thus avoid the delay and expense of a foreclosure; and the court, in fact, refused to allow a sale without such release. That amount must therefore be apportioned to the parties interested, according to the amounts which each is entitled to receive of the proceeds, after deducting, of course, all the other costs and expenses. It results that the assignee must pay to the senior mortgagee, the Michigan Health and Relief Society, the full amount of its debt, less its fair proportion of the one hundred dollars paid by the assignee for the release of dower, to be ascertained on the basis above indicated; that he must retain or be paid out of the remainder of the proceeds all costs and expenses of the proceedings to sell and of the sale, including the one hundred dollars paid for the release of dower, and pay over the surplus to the junior mortgagee.

Third. The assignee's account of costs and expenses. There being no opposition, and the items appearing to the court to have been necessary, and that they are reasonable in amount, the account of the assignee of the costs and expenses of the proceedings to sell and of the sale is allowed as stated.

Let an order be made embracing the foregoing conclusions and results.