## CALCULATION OF INTEREST ON AN OVERDUE NOTE.

### Circuit Court of Columbiana County.

### Sarah E. Ingram v. Frank H. Scattergood.

### Decided, March Term, 1912.

*Interest—Construction of the Words "Payable Annually"—Installments of Unpaid Interest on an Overdue Note Do Not Draw Interest, When—Sections 8303, 8304 and 8305.*

A stipulation in a promissory note for the payment of interest annually extends only to the maturity of the note, and after that time interest must be computed at the rate stipulated without annual rests.

*K. L. Cobourn,* for plaintiff.
*Metzger & Smith,* contra.

Norris, J.; Pollock, J., and Metcalfe, J., concur.

The defendant claims credit for three promissory notes all drawing interest "payable annually" or "to be paid annually," all having run several years after their maturity. The question is, did installments of interest become due after the maturity of these notes so as to draw interest, or in other words, should the interest on these notes after maturity be computed with annual rests?

So far as we have been able to find this question has never been directly determined by the Supreme Court of this state. There is no stipulation in these notes in relation to interest after they became due. The defendant is therefore entitled to interest after that time by operation of law, and not by any provision in the notes themselves. *Brewster* v. *Wakefield,* 22 How. (U. S.),

118-127; *In re Bartenbach,* 2 Fed., 956; 2 Amer. T. Rep. (N. S.), 33.

The law of Ohio in relation to interest is found in the following three sections:

"Sec. 8303. The parties to a bond, bill, promissory note, or other instrument of writing for the forbearance or payment of money at any future time, may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per cent. per annum, payable annually.

"Sec. 8304. Upon all judgments, decrees, or orders, rendered on any bond, bill, note or other instrument of writing containing stipulations for the payment of interest in accordance with the provisions of the next preceding section, interest shall be computed till the payment at the rate specified in such instrument.

"Sec. 8305. In cases other than those provided for in the next two preceding sections, when money becomes due and payable upon any bond, bill, note * * * the creditor shall be entitled to interest at the rate of six per cent. per annum and no more."

In *Cook* v. *Courtwright,* 40 O. S., 248, the Supreme Court seem unable to give any effect to the words "payable annually," found at the close of Section 8303, and seem to hold that no effect can be given to these words, and in *Ohio College of Dental Surgery* v. *Rosenthal,* 45 O. S., 183-191, the Supreme Court say:

"It is well settled that our statutes relating to interest were intended to fix the *rate* and not the time of payment."

And in *Averill Coal & Oil Co.* v. *Verner,* 22 O. S., 372-381, the Supreme Court holds that computing interest with annual rests without express contracts therefor is not sanctioned by the laws of this state, although it may be the "mercantile method."

Do the sections of the code above referred to provide for the computation of interest on these notes after maturity with annual rests? We think clearly not. Section 8304 provided that upon judgments and decrees, etc., rendered on any bond, note * * * interest shall be computed till payment at the *rate* specified in such instrument. Not expressly providing that the rate on such bond or note shall be the same after maturity of the note as before.

But our Supreme Court in *Marietta Iron Works* v. *Lottimer*, 25 O. S., 621-626, holds that inasmuch as the statute provided that upon all judgments on such notes interest should be computed till payment at the *rate* specified in the note, the inference is irresistable that the notes after maturity and before judgment must bear this stipulated rate; thus so construing the statute as to uphold that notes shall bear the stipulated *rate* of interest after maturity.

Such rate is not usurious, but by virtue of the same provision of the statute the Supreme Court in this same case hold that while the judgment would bear the rate of interest stipulated in the contract, the interest could not be made payable quarterly until paid, although such payments were also stipulated in the contract, holding that the judgment only drew interest by operation of law, and that in the absence of statutory provisions on the subject the interest on the judgment could not be computed with quarterly rests.

The holding in this case would seem by its reasoning to be conclusive of the question before us, there being no statutory provisions for computing interest on notes after their maturity with annual rests.

The case of *Hunter* v. *Hall*, 14 C. C., 425-432 (6 O. C. D., 366), gives this construction of the statutes. We find no conflict on the authorities on this question. The general principle is laid down in the 22 Cyc., 1483-1510, and some authorities are cited although they are not numerous. One of the leading cases is *Wheaton* v. *Pike*, 9 R. I., 132, the syllabus of which is as follows:

"Where a promissory note is made payable at a time given after date, with interest payable semi-annually, interest may be computed in making up the judgment on all installments of interest overdue and remaining unpaid; but no installments of semi-annual interest will be considered as due after the maturity of the note, because after that, both the accruing interest and the principal are due, not on any particular day but every day till they are paid."

And in *Magnester* v. *DeHavens*, 52 S. W., 795, by the Supreme Court of Kentucky, 1899, the syllabus is as follows:

"A stipulation in a note for payment of interest semi-annually extends only to the maturity of the note and after that interest must be computed in the ordinary way."

To the same effect is *Havey* v. *Edmison*, 22 N. W., 594. In this case the Supreme Court of Dakota review many authorities on questions of computing interest.

*In re Bartenbach, supra,* Judge Longyear, of the United States District Court of Michigan holds the same rule under the Michigan statute, which he quoted and which is quite similar to the Ohio statute so far as this question is concerned. In his opinion he says:

"The interest up to the maturity of the debt had been paid and the only interest in question here is such as had accrued after that time by operation of law and not by any provision of the contract. It was therefore not due by installments but it was due at any and all times as it accrued."

*Hall* v. *Scott*, 13 S. W., 249, decided by the Supreme Court of Kentucky in 1890, confirms the same rule as to computing interest.

The Supreme Court of New Hampshire in the case of *The Ashuelon R. Co.* v. *Elliot*, 57 N. H., 397, holds that same interest after maturity and recoverable by way of damages for the detention of money should be computed without semi-annual or other rests. The Supreme Court of South Carolina in *Wilson* v. *Kelly*, 19 S. C., 160, and *Wakefield* v. *Wakefield*, 19 S. C., 85, holds the law to the same effect as applicable to the notes in suit.

We have not been able to find any authorities holding a different rule. We are therefore constrained to hold that defendant is entitled to have the interest on these notes computed after maturity at the rate specified therein without annual rests.

The defendant further claims credit for pasture and house rent. We are not able to say from the testimony that he is entitled to credit for these items.